955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hillary Justine EMANUEL, Defendant-Appellant.
 No. 91-5041.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 18, 1991.
Decided Feb. 21, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-90-298-WS)
 Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Hillary Justine Emanuel appeals from the district court's order denying his Motion for Judgment of Acquittal following his conviction for use of a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp.1991). We affirm.
 
 
 2
 Emanuel was arrested in December 1990 and later tried for possession with intent to distribute cocaine, unlawful distribution of cocaine, and use of a firearm during and in relation to a drug trafficking crime. Following his conviction on all three counts, Emanuel moved for judgment of acquittal on only the firearm charge, arguing that the government's evidence was insufficient as a matter of law to sustain the conviction.
 
 
 3
 The standard of review of a motion for judgment of acquittal is the same as that applied to a defendant's challenge to the sufficiency of the evidence. United States v. Steed, 674 F.2d 284, 286 (4th Cir.) (en banc), cert. denied, 459 U.S. 829 (1982). That is, a jury's verdict must be sustained when, viewing the evidence and inferences therefrom in the light most favorable to the government, a reasonable trier of fact could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60 (1942); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982).
 
 
 4
 The government's evidence on the firearms charge consisted of the testimony of Special Agent Kenneth Spann of the Bureau of Alcohol, Tobacco and Firearms. Spann testified that, acting undercover, he contacted Emanuel, a taxicab driver in Winston-Salem, North Carolina, on September 26, 1990. Spann was portraying "someone from out of town looking to make money, interested in purchasing cocaine." Emanuel drove Spann, in Emanuel's cab, to a bus station where Spann pretended to carry out a drug transaction. His curiosity aroused, Emanuel asked Spann, "What are you into? Are you into drugs?" After a brief conversation, Emanuel offered to take Spann "to go get some." Spann declined but stated that he would contact Emanuel at a later date.
 
 
 5
 On October 23, 1990 Spann contacted Emanuel by telephone and discussed the price of "crack" cocaine. Emanuel "stated that a half ounce of cocaine would cost [Spann] about $700, and that he could convert it for me." The next day, Spann again contacted Emanuel and asked him if he "could get [Spann] an '8-ball' of cocaine ... and he [Emanuel] stated yes." When Emanuel arrived at the designated motel to pick up Spann in his taxicab, Spann stated that he "could see between his [Emanuel's] legs a blue-steel with a brown handle revolver right between his legs." Emanuel placed the gun in his left pants pocket when he left the taxicab to make a telephone call. However, he did not tell Spann who he was calling or why. Spann then followed Emanuel to another motel where Emanuel knocked on a room door several times. He told Spann that "the man is not there." Spann and Emanuel then parted company, meeting again later that afternoon at yet another motel. Within a few minutes, the transaction which formed the basis for his arrest and convictions took place.
 
 
 6
 Spann's testimony concerning the gun at that time was as follows:
 
 
 7
 A. ... And I stated, "Hey, [Emanuel], what type of --" and I did my hand like this (indicating)--"what type of gun--"
 
 
 8
 Q. Would you describe how you're holding your hand?
 
 
 9
 A. "What type of gun are you carrying?" He said, "A 9." ...
 
 
 10
 Q. Now when you asked him if he was carrying a gun, you made a gesture. Was that gesture intended to look like a pistol?
 
 
 11
 A. Yes. I was sitting in the vehicle at the time and he was standing next to me on the outside of my car. And I just stated, "What type of gun are you carrying?"
 
 
 12
 This Court has recently addressed the question of what constitutes "use" of a firearm within the meaning of § 924(c)(1):
 
 
 13
 Ownership is not essential to the possession and use of a firearm. Moreover, constructive possession of firearms in relation to a drug transaction is sufficient to establish "use." See United States v. Matra, 841 F.2d 837, 841-42 (8th Cir.1988). As we stated in United States v. Brockington, 849 F.2d 872 (4th Cir.1988), the weapon need not be brandished or displayed. Rather "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." Id. at 876.
 
 
 14
 United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991); see also United States v. Feliz-Cordero, 859 F.2d 250, 254 (2d Cir.1988) (stating that the presence of a firearm constitutes "use" under § 924(c) where "[t]he circumstances surrounding the presence of a firearm in a place where drug transactions take place suggest that it was strategically located so as to be quickly and easily available for use during such a transaction").
 
 
 15
 Here, the evidence before the jury showed that Emanuel possessed a firearm on the date in question and had it with him during the first (unsuccessful) attempt to purchase cocaine. Although Detective Spann did not actually see the gun at the time of the underlying transaction, Emanuel did admit to carrying "A 9." Further, Emanuel admits possession of a handgun at sometime on October 24 but denies that he had it with him at the time of the drug purchase. Therefore, he argues, he cannot be convicted of use of a firearm "during" a drug trafficking crime. However, the statute clearly states that the crime is committed by anyone who uses a firearm "during" or "in relation to" a drug trafficking crime. We conclude that, under Paz, there was sufficient evidence upon which a jury could find guilt beyond a reasonable doubt.
 
 
 16
 Emanuel also argues that his Sixth Amendment right to confrontation was denied because the tape of Spann's testimony at Emanuel's detention hearing was lost. Emanuel claims that the tape would have established inconsistency in Spann's testimony because, in the earlier proceeding, "Agent Spann indicated that he merely showed his forefinger and thumb indicating a firearm but never said anything." At the trial, Spann testified that he not only made the gesture, but asked "What type of gun are you carrying?" There is no dispute over Emanuel's response ("A 9")--only as to whether Spann asked and gestured or merely gestured. As the district court properly found:
 
 
 17
 Assuming for purposes of this motion that Spann testified as Emanuel recalls, the difference would not result in a statement of such inconsistency and impact as to have a likely effect on the outcome of the case. Considering the uncontradicted evidence about the defendant's earlier possession of the firearm and his later identification of the firearm as being a 9mm, the statement would not go to the fundamental truth of whether the defendant had a firearm and what type it was. The defendant does not contend that Spann did not in some fashion inquire about the firearm or argue that he did not reply to the inquiry.
 
 
 18
 Therefore, we affirm the district court's order denying Emanuel's Motion for Judgment of Acquittal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 19
 AFFIRMED.